ADA WUEST v. RAILWAY CO. ET AL.

1. COURT MUST EXERCISE UTMOST CARE TO STATE TESTIMONY ACCURATELY TO JURY.

The anxiety of juries to discover and determine the views of the presiding judge on the important issues of a case makes it imperative that any statement of the testimony in his charge should be of the utmost accuracy.

2. INACCURATE STATEMENT BY THE COURT OF CERTAIN TESTIMONY IS REVERSIBLE ERROR.

It is reversible error to charge the jury that all the expert witnesses called to give their opinions as to the existence of a certain state of facts had testified in the affirmative when as a matter of fact one of the experts had testified that he could not tell whether or not such state of facts existed, although the trend of his testimony would lead to the inference that the balance of his judgment was in that direction.

ERROR to Hamilton common pleas court.

**Theodore Horstman,** for plaintiff in error.
**A. W. Goldsmith** and **Miller Outcalt,** for defendant in error.

JELKE, J.

It seems too bad to reverse a case which has been so carefully and for the most part correctly tried below. The trial judge in overruling the motion for a new trial seems to have been impressed as we are, that the recovery is very small, probably too small, for the injury received.

It was manifest, from the amount of the verdict, that the jury found that the hernia from which Ada Wuest, the plaintiff, was suffer-

Hamilton County.

ing, was congenital, and not caused by the accident. This is one of the most strenuously fought issues of fact in the case.

In the course of his charge, on page 371 of the record, the trial judge said:

"There has been testimony as to the nature of the rupture complained of in this particular case; testimony tending to show that it is what the experts call congenital, by which the experts for the defendants, *who have all testified that it was in their opinion congenital rupture,* mean that it was a rupture existing at the time of the birth of the child, or that the child was born with a predisposition to just such a rupture in that place, that part of the body. I need not go into the details of the testimony on that subject, but I charge you that if you should find that it was not congenital in that sense that the rupture, an actual rupture, did not exist at the time of the birth, and that there was not a predisposition to such rupture at the birth of the child, and should find from the greater weight of the evidence that the rupture was caused by that accident, you will award to the plaintiff such damage as would seem to you to be reasonable compensation to her for such an injury."

It is not only proper, but it is the duty of the trial judge to apply his charge to the testimony of the witnesses. This is a delicate task and one hard to perform without giving undue prominence to part of the testimony, and without indicating to the jury the view of the court on that particular issue of fact.

We know that juries are alert to catch the least note from the presiding judge as to his view on important issues; hence the importance cannot be exaggerated of a correct statement of the testimony where the court undertakes to state the same in the course of its charge.

The statement above referred to, that all the experts had testified that it was in their opinion congenital rupture, slightly overstates the testimony, as disclosed by the record in this regard.

Dr. Bonnifield, one of the experts, expressly testified that he could not tell, and yet, the trend of his testimony might well lead one to infer that the balance of his judgment was that way.

It is unfortunate that this slight inaccuracy occurred on a matter so vital in the trial of the case, but we think it constituted sufficient prejudicial error to require a reversal. We are reassured in our conclusion by the general impression that the recovery was inadequate and trust that a reasonable addition to the amount named in the verdict will end this litigation.

**Giffen** and **Swing, JJ.,** concur.